JUSTICE WARNER
concurring.
¶20 I concur that § 7-5-135, MCA, gives a district court authority to determine the constitutionality of a proposed action prior to the time it is placed on a ballot for elector approval. At ¶ 19, the Court remands *37 to the District Court to rule on the constitutionality of the proposed initiative. This ruling is to be premised on “any briefing and fact-finding [the court] deems appropriate.” This statement gives the court and parties a modicum of guidance, but I would add more.
¶21 Section 7-5-135 is the enabling statute authorizing the county to bring a “suit” to determine the validity of the proposed action. The Uniform Declaratory Judgments Act, Title 27, Chapter 8, MCA, provides the procedural vehicle through which such suits are prosecuted.
¶22 At ¶ 6, the Court notes that a complaint and a response were filed in the District Court. Thereafter, the parties did nothing. There was no briefing, no argument, and to paraphrase the county attorney, “we’ll just let the judge handle it from here.” In other words, Ravalli County simply wanted an advisory opinion. It is well-settled that the courts of Montana have no authority to give advisory opinions. Montana Dep’t of Natural Resources v. Intake Water Co. (1976), 171 Mont. 416, 440, 558 P.2d 1110, 1123. The existence of an actual controversy is constitutionally mandated before a court can exercise jurisdiction. Roosevelt v. Department of Revenue, 1999 MT 30, ¶¶ 47-48, 293 Mont. 240, ¶¶ 47-48, 975 P.2d 295, ¶¶ 47-48.
¶23 The parties cannot simply hand the court a ballot initiative and say, “Judge, we would appreciate you getting back to us on this at your earliest convenience.” If we initiate this procedure, the adversary system is bypassed in the district courts. It is then probable that one side or the other would be dissatisfied and appeal to this Court. The appellant’s brief would merely state, “I think the order should be reversed.” The response brief would merely state, “I don’t,” and the decision would be left to this Court. Of course, if the appellate court were to follow the rule that judgments will not be reversed based on arguments that were not made in the district court, the decision could not be reviewed because no arguments were made.
¶24 I, for one, am not willing to declare that the courts of Montana are now open for all who simply seek advice on constitutional, or other, issues. I would affirmatively require that upon remand the parties present a controversy to the District Court. In my view, the Plaintiff, Ravalli County, is obliged to take a position and prosecute it. Likewise, the Respondent, Erickson, is obliged to defend the ordinance he has proposed. If the parties agree on what the result should be, there is no reason for the suit and it should be dismissed. If the parties disagree, but neither of them care enough to advocate their position, the action should be dismissed.